STATE OF MAINE                          DISTRICT COURT
HANCOCK, ss:                            CIVIL ACTION
                                        DOCKET NO. CV-05-232

ROBERT B. WILLIS, and
TARA KELLY,

        Plaintiffs,

        v.                              **DECISION AND ORDER**

PETER FORBES,

        Defendant.


## DECISION

In October 2005, Plaintiffs, through counsel, brought an action seeking declaratory relief pursuant to 14 M.R.S. 5951 et seq., seeking a declaration of the rights of the parties to use a dock and related structures, located on Greenings Island in the Town of Southwest Harbor, Maine. Plaintiffs also sought injunctive relief denying Defendant the right to use said dock and related structures. Finally, Plaintiffs sought monetary damages from Defendant for his alleged breach of an agreement to pay Plaintiffs $1200 per year for rental of the dock during 2003 and 2004.

By way of counterclaim, Defendant, through counsel, also seeks a declaratory judgment affirming his rights to use of the dock in question. Likewise, Defendant seeks injunctive relief preventing Plaintiffs from interfering with his property rights in the said dock.

This matter was tried to the Court on July 21, 2008. Plaintiffs were represented by attorney Steven Lyman, Esq. Defendant represented himself, counsel for Defendant having previously withdrawn with permission of the Court.

### Background Facts

Plaintiffs acquired their interest in the property on Greenings Island, Southwest Harbor, by deed dated December 22, 1998, from Jarvis Newman. That deed incorporated by reference a description of the property that identified itself as being subject to, among other things:

1

2. Terms and provisions of the Restriction Agreement dated March 26, 1981 and recorded in Book 1402, Page 110 in said Registry of Deeds by and among Peter Harwood, Trustee, et al. (Plaintiffs' Exs. 1 and 2).

The "Restriction Agreement" found at Book 1402, Page 110, is the agreement of Peter Harwood, "Trustee of Cranberry Point Realty Trust", Deberry/Greening's Partnership, D. Bradford Wetherell and Frances Wetherell, and White Elephant Partnership with regard to lots 1, 2, 3, and 4 as described in a deed from State Street Bank and Trust Company and Calvert Smith to each of them dated March 26, 1981. (Plaintiffs' Ex. 3). The Agreement provides that the burden and benefit of the agreement shall run with the land of the respective parcels in perpetuity. The agreement provides in summary fashion that:

1. Each owner shall have the rights, privileges and obligations of a member of the Greenings Island Association, a not for profit corporation organized under the laws of Maine, for the purpose of regulating use, improvement and maintenance of the land and buildings on the island of roads, utilities and common facilities now serving the island.

2. The use, improvement and maintenance of the Parcels, roads, utilities and common facilities shall be subject to regulations adopted by the Association and it may impose assessments which will be the obligations of the assessed owner.

3. The regulations may be enforced by the Association or an aggrieved member.

4. The Officers of the Association may grant approvals required or permitted by the Agreement or waive or terminate the provisions of the Agreement in writing.

5. Any conveyance of a Parcel or any portion shall make the person succeeding to ownership bound by the Agreement and regulations of the Association.

2

According to the testimony of Frances S. Wetherell, Defendant Forbes was one of the initial purchasers of the lots which were sold in 1981, and was, as a member of the White Elephant Partnership, an initial participant in the Greenings Island Association, the Restriction Agreement, and the development of Association Rules (the latter being an exhibit to the deposition of Mrs. Wetherell which deposition and exhibit the Court allows in evidence over the objection of attorney Lyman, the deposition itself being admitted at trial). (Defendant's Ex. 2). The Court accepts that testimony and finds the above as facts in this matter.

By way of additional facts, it was stipulated that Plaintiffs own the dock referred to in paragraphs one through six of Plaintiffs' complaint. Plaintiff Tara Kelly testified that after she and her husband acquired the lots and dock on Greenings Island in 1998, Forbes paid $1200 in rent for use of the dock in 2000, 2001, and 2002. He did not pay rent, but continued to use the dock, in 2003 through and into 2008. She denied that Plaintiffs ever gave Defendant a written easement giving him the right to use their dock, nor was there any type of agreement by which Defendant was allowed to use the dock, other than his paying rent for use of the dock. As this matter developed into litigation, Plaintiffs have allowed Mr. Forbes to use their dock until the issue is resolved by the litigation. Plaintiff Kelly denied any knowledge of the Rules and Regulations of the Greening Island Association although she had heard of the Association. The Court accepts this testimony and finds the above as facts in this matter.

Peter Forbes testified that he has owned his property on Greenings Island since 1981 and that he purchased his property from the Thorp estate with his partner, Emery Rice. They identified themselves as the White Elephant Partnership in the Greenings Island Association documents and in the Restriction Agreement. According to the Association Rules and Regulations, Mr. Forbes was to use the main dock with the Wetherells as of 1981 and he had done so. (Wetherell Dep. Ex. 4). Mr. Forbes testified that he had only been billed by the Wetherells for maintenance and repairs of the main dock, never dock rental. Mrs. Wetherell testified that Mr. Forbes right to use the dock on the Wetherell's property was dependent on his paying his portion of the upkeep expenses. (Wetherell Dep. at 41). Mrs. Wetherell testified that the fee charged to Mr. Forbes for use of their dock was fixed and somewhat

3

arbitrary. (Wetherell Dep. at 42). The Court accepts as fact, in part, the above testimony of Mr. Forbes and the referenced testimony of Mrs. Wetherell, particularly as to the Wetherells charge for dock usage. The Court finds this to be an arbitrary fee including both maintenance and improvement costs as well as a usage or rental expenses, which the Court finds was an 'arrangement' negotiated between the Wetherells and Mr. Forbes over time. (*See* Assoc. Rules and Regs. No. 9).

## Discussion

Plaintiffs take the position that they did not know of nor are they bound by the Rules and Regulations of the Greenings Island Association or by the Restriction Agreement. They point out (and Plaintiffs Counsel subsequently confirmed by filing with the Court as an additional Plaintiffs' exhibit the certificate dated August 1, 2008) that the Secretary of State suspended the Greenings Island Association as of July 18, 1994 and declared that it was without authority of transact business. As such, the Association ceased to do business as of July 18, 1994. Plaintiffs argue that during their ownership, the 'arrangement' they had with Mr. Forbes was that he was to pay annually for use and maintenance of their dock. The payment was $1200 per year and was last paid in 2002. No payments have been made since, although they have continued to allow Mr. Forbes to use the dock during the pendency of this litigation.

Defendant relies on the fact that by terms of the Restriction Agreement dated March 26, 1981, the owners of the land as of that date, entered into an agreement that burdens and runs with the land, as reflected in the deed descriptions to Plaintiffs' property where the dock is located. That agreement authorizes the Greenings Island Association Members to make rules and regulations concerning common facilities and that such regulations were made with respect to use of the 'main' dock (the dock in question in this litigation). (Dep. Ex. 4). The Regulations further provide that owners and users of the main dock will make their own arrangement (implicitly with regard to maintenance and repairs). Accordingly, Defendant argues that his property right to use the main dock, now owned by Plaintiffs, derives from the Greenings Island Association Restrictive Agreement and Rules promulgated and adopted by the Association. He denies that he needs

4

Plaintiffs' permission and that these documents do not entitle Plaintiffs to collect rent from him.

## Easement

Defendant has taken the position in the pleadings that Defendant's property right is derived from adverse possession claim. Whether the claim is by adverse possession or prescriptive easement, the burden is on Defendant to satisfy all of the elements to support the claim. *Falvo v. Pejepscot Indus. Park, Inc.*, 1997 ME 66, ¶ 12, 691 A.2d 1240, 1243. The burden on Defendant with respect to a prescriptive easement right to the dock would be to prove all of the following: "continuous use for at least 20 years under a claim of right adverse to the owner, with his knowledge and acquiescence, or a use so open, notorious, visible, and uninterrupted that knowledge and acquiescence will be presumed." *Baptist Youth Camp v. Robinson*, 1998 ME 175, ¶ 14, 714 A.2d 809, 814. From reviewing the exhibits, and in particular the deposition transcript of Mrs. Wetherell, the Court finds and concludes that Mr. Forbes has not persuaded the Court that his use of the dock in question has been continuous for at least 20 years, nor has he proven with respect to the Wetherell period or Plaintiffs' period of ownership that his claim was adverse to their ownership or that they acquiesced to what was an adverse or hostile claim of ownership.

Assuming that the Association Rules and Regulations are binding on Plaintiffs, they make clear that in 1981 and thereafter, the payment 'arrangement' between the user of the dock and the owner were to be negotiated between them, without any limitation or restriction on what they might be. While there is no evidence of what those arrangements were other than some vague references by Mrs. Wetherell and Mr. Forbes, the Court concludes that there were periods when Mr. Forbes failed to make payment and his user rights were interrupted. When that happened is not clear, but the burden is on the party asserting the easement, Mr. Forbes, to demonstrate the continuous 20-year use. He has not done so. Likewise, the 'arrangements' made between Mr. Forbes and the Wetherells do not convince the Court that the arrangement negotiated represented an adverse ownership claim against the Wetherells, let alone Plaintiff. For those reasons, the Court concludes that Mr. Forbes has not demonstrated a claim of a prescriptive easement or adverse possession in the dock which would give him any property right in the dock in question.

5

### Property Interest through
### the Greenings Island Association,
### the Restriction Agreement, and
### the Association Rules

The Court does not find that a property interest in Mr. Forbes to the main dock was created by nor can it be inferred from the aforementioned documents. The Court interprets those documents as confirming a right as among the owners in 1981 for Mr. Forbes to use the main (Wetherell) dock subject to making arrangements with the owners. Clearly some arrangements were made during the Wetherell ownership. The failure of proof by Defendant Forbes as to what those arrangements were either for the Wetherells' or Plaintiffs' period of ownership defeats Mr. Forbes claim for an ongoing property right in the dock. The burden of proof was on him and he failed to meet that burden which, under the most favorable interpretation of the documents in front of the Court, would suggest the existence of a property right.

The lack of a demonstrated property right in Defendant is further confirmed by the fact that the Greenings Island Association is no longer a functioning entity and has not been since a time before Plaintiffs acquired their interest in the dock in question. In his testimony, Mr. Forbes made it clear that he had not attended nor been aware of any meetings of the Greenings Island Association since the early 1990's. Moreover, Plaintiffs have provided the Court with a certificate from the Secretary of State confirming that Greenings Island Association has been suspended from transacting business in the State of Maine since July 18, 1994, and, therefore, was no longer a viable corporation unless and until the suspension was removed. *DiPietro v. Boynton*, 628 A.2d 1019, 1021-22 (Me. 1993).

For all of the above reasons, the Court declares the rights of Plaintiffs and Defendant to the dock in question to be that Defendant has no right, title, or interest in the dock, or any right of use or possession of said dock. Said ownership, title, and interest rests exclusively with Plaintiffs from the time they acquired their property in Southwest Harbor in 1998 until the present.

### Injunction

Pursuant to M.R. Civ. P. 65, Plaintiffs are hereby granted an injunction in their favor and against Defendant, with respect to the dock located on the westerly side of Plaintiffs' property on Greenings Island in the Town of Southwest Harbor. Defendant is enjoined from entering on Plaintiffs' property to gain access to Plaintiffs' dock or in any way to use the said dock for any purpose, including but not limited to attaching floats to Plaintiffs dock.

This injunction is issued based on the above findings and analysis that Defendant has no property right or interest in Plaintiffs' dock.

### Damages

Based on the above findings and analysis, the Court concludes that Plaintiffs and Defendant had a binding agreement from 1999 forward that Defendant would have the right to use Plaintiffs dock and to attach a float thereto in exchange for the payment of $1200 per year. The Court finds that Defendant has continued to use the dock between 1999 and 2008. During part or all of that time Defendant attached his float to Plaintiffs' dock. The Court finds and concludes that Defendant has failed to pay the $1200 annual fee from and including 2003 and 2004, the period for which damages are sought in the complaint. It is Ordered that Defendant owes Plaintiffs $2400, plus interest and costs.

### Defendant's Counterclaim

For the reasons stated, the Court finds for Plaintiffs on Defendant's counterclaim.

At the direction of the Court, this Order shall be incorporated into the docket by reference. M.R. Civ. P. 79(a).

Dated: October 24, 2008

Kevin M. Cuddy
Justice, Superior Court

RECEIVED & FILED

OCT 24 2008

HANCOCK COUNTY
COURTS

7